## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY D. JUSTICE, II,Plaintiff,v.SUMMER INFANT, INC., ROBIN MARINO, STUART NOYES, ALAN MUSTACCHI, STEPHEN ZELKOWICZ, EVELYN D'AN, and ANDREW TRAIN,Defendants. | Case No. _____JURY TRIAL DEMANDED |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on March 16, 2022 (the "Proposed Transaction"), pursuant to which Summer Infant, Inc. ("Summer" or the "Company") will be acquired by Kids2, Inc. ("Kids2") and Project Abacus Acquisition Corp. ("Merger Sub").

2. On March 16, 2022, Summer's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Kids2 and Merger Sub. Pursuant to the terms of the Merger Agreement, Summer's stockholders will receive $12.00 in cash for each share of Summer common stock they own.

3. On April 8, 2022, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Summer common stock.

9. Defendant Summer is a Delaware corporation and a party to the Merger Agreement. Summer's common stock is traded on the NASDAQ under the ticker symbol "SUMR."

10. Defendant Robin Marino is Chairperson of the Board of the Company.

11. Defendant Stuart Noyes is Chief Executive Officer and a director of the Company.

12. Defendant Alan Mustacchi is a director of the Company.

13. Defendant Stephen Zelkowicz is a director of the Company.

14. Defendant Evelyn D'An is a director of the Company.

15. Defendant Andrew Train is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

17. Summer is a global leader of premium juvenile brands driven by a commitment to people, products, and purpose.

18. On March 16, 2022, Summer's Board caused the Company to enter into the Merger Agreement.

19. Pursuant to the terms of the Merger Agreement, Summer's stockholders will receive $12.00 in cash per share.

20. According to the press release announcing the Proposed Transaction:

Summer Infant, Inc., doing business as SUMR Brands ("SUMR Brands" or the "Company") (NASDAQ: SUMR), a leader in premium infant and juvenile products, today announced that it and Kids2, Inc. ("Kids2"), a global company that designs solutions to help early-stage parents and families, have entered into a definitive merger agreement pursuant to which Kids2 will acquire all of the issued and outstanding common stock of the Company for cash. Under the terms of the agreement, the Company's stockholders will receive $12.00 in cash for each share of Company common stock that they own, implying a 41.2% premium to the closing price of the Company's common stock on March 15, 2022. The transaction has been unanimously approved by the Company's Board of Directors, and Wynnefield Capital and Jason Macari, significant stockholders of the Company, have signed voting agreements in support of the transaction. The transaction is expected to close in the second quarter of 2022. . . .

3

> The transaction is subject to customary closing conditions, including Company stockholder approval, as well as the closing of debt financing by Kids2 to fund the acquisition. Upon completion of the transaction, the Company will become a privately-held company and its common stock will no longer be listed on the Nasdaq Capital Market. . . .
>
> Consensus Advisors is acting as financial advisor to SUMR and Greenberg Traurig, LLP is serving as its legal counsel. The Duff & Phelps' Opinions Practice of Kroll, LLC provided an independent fairness opinion to the Board of Directors of SUMR. Lincoln International, LLC is acting as financial advisor to Kids2 and Foley & Lardner LLP is serving as its legal counsel.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

21. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

22. As set forth below, the Proxy Statement omits material information.

23. First, the Proxy Statement omits material information regarding the Company's financial projections.

24. The Proxy Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

26. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Duff & Phelps.

27. With respect to Duff & Phelps's Income Approach (Discounted Cash Flow Analysis), the Proxy Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the terminal values for the Company; and (iii) the

4

individual inputs and assumptions underlying the discount rates and terminal growth rates used in the analysis.

28. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

29. Third, the Proxy Statement omits material information regarding the engagement of the Company's additional financial advisor, Consensus Advisors.

30. The Proxy Statement fails to disclose: (i) the amount of compensation Consensus Advisors has received or will receive in connection with its engagement; (ii) the amount of Consensus Advisors' compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether Consensus Advisors has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by Consensus Advisors for providing such services.

31. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

32. Fourth, the Proxy Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained "don't ask, don't waive" provisions.

33. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

34. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Summer**

35. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Summer is liable as the issuer of these statements.

37. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

41. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

42. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Summer within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Summer and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

7

47. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 20, 2022                          **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Gina M. Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com

*Attorneys for Plaintiff*